UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
======================================X
DAN-DEE INTERNATIONAL LIMITED and     :    08 CIV 4715 (NRB)
LEE CAPOZZI,                          :
                                      :
           Plaintiffs,                :    **ANSWER**
      v.                              :
                                      :
PBC INTERNATIONAL, INC.,              :    **JURY TRIAL DEMANDED**
                                      :
           Defendant.                 :
======================================X

Defendant, PBC International, Inc. ("PBC"), by its attorneys Ropers, Majeski, Kohn & Bentley, as and for its Answer to the Complaint, alleges as follows:

### THE PARTIES, JURISDICTION AND VENUE

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

3. Admits the allegations of paragraph 3 of the Complaint.

4. Denies each and every allegation contained in paragraph 4 of the Complaint, and specifically denies that PBC sold any infringing products and that PBC's sound recording is infringing, except admits that PBC sold certain products to retailers in the State of New York, and refers all questions of law to the Court.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and refers all questions of law to the Court.

6. Denies each and every allegation contained in paragraph 6 of the Complaint and refers all questions of law to the Court.

## ANSWERING COUNT I

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and refers all questions of law to the Court.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and refers all questions of law to the Court.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and refers all questions of law to the Court.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, except specifically denies that any of PBC's products infringed on any rights of plaintiff.

19. Denies each and every allegation contained in paragraph 19 of the Complaint, and specifically denies that any of PBC's products were infringing, except admits that PBC's toy sings and dances.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and specifically denies that any of PBC's products were infringing.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and specifically denies that any of PBC's products were infringing.

22. Denies each and every allegation contained in paragraph 22 of the Complaint.

23. Denies each and every allegation contained in paragraph 23 of the Complaint.

24. Denies each and every allegation contained in paragraph 24 of the Complaint.

25. Denies each and every allegation contained in paragraph 25 of the Complaint, and refers all questions of law to the Court.

26. Denies each and every allegation contained in paragraph 26 of the Complaint and refers all questions of law to the Court, except denies knowledge or

information sufficient to form a belief as to the truth of the allegation that PBC is a "sophisticated business," and refers all questions of law to the Court.

27. Denies each and every allegation contained in paragraph 27 of the Complaint.

28. Denies each and every allegation contained in paragraph 28 of the Complaint.

## ANSWERING COUNT II

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and refers all questions of law to the Court.

30. In response to paragraph 30, PBC repeats and realleges each and every allegation in paragraphs 1 through 29 as though set forth at length herein.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35. Denies each and every allegation contained in paragraph 35 of the Complaint.

36. Denies each and every allegation contained in paragraph 36 of the Complaint.

37. Denies each and every allegation contained in paragraph 37 of the Complaint.

38. Denies each and every allegation contained in paragraph 38 of the Complaint.

39. Denies each and every allegation contained in paragraph 39 of the Complaint.

40. Denies each and every allegation contained in paragraph 40 of the Complaint, and refers all questions of law to the Court.

41. Denies each and every allegation contained in paragraph 26 of the Complaint and refers all questions of law to the Court, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that PBC is a "sophisticated business," and refers all questions of law to the Court.

42. Denies each and every allegation contained in paragraph 42 of the Complaint.

43. Denies each and every allegation contained in paragraph 43 of the Complaint.

**ANSWERING COUNT III**

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint and refers all questions of law to the Court.

45. In response to paragraph 45, PBC repeats and realleges each and every allegation in paragraphs 1 through 44 as though set forth at length herein.

46. Denies each and every allegation contained in paragraph 46 of the Complaint, except admits that PBC has sold certain products, including the toy that is the subject of this action, in the State of New York.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, except denies that PBC's recording was infringing.

48. Denies each and every allegation contained in paragraph 48 of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint.

51. Denies each and every allegation contained in paragraph 51 of the Complaint.

52. Denies each and every allegation contained in paragraph 52 of the Complaint.

53. Denies each and every allegation contained in paragraph 53 of the Complaint.

54. Denies each and every allegation contained in paragraph 54 of the Complaint.

55. Denies each and every allegation contained in paragraph 55 of the Complaint.

56. Denies each and every allegation contained in paragraph 56 of the Complaint.

57. Denies each and every allegation contained in paragraph 57 of the Complaint.

58. Denies each and every allegation contained in paragraph 58 of the Complaint.

59. Denies each and every allegation contained in paragraph 59 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

60. The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

61. One or more of the copyright registrations that are allegedly infringed by Defendant are invalid for failure to comply with the requirements for copyrightable subject matter set forth in 17 U.S.C. § 102.

**THIRD AFFIRMATIVE DEFENSE**

62. One or more of plaintiffs' claims for statutory damages and attorneys' fees are barred pursuant to 17 U.S.C. § 412.

**FOURTH AFFIRMATIVE DEFENSE**

63. Plaintiffs are not entitled to injunctive relief because any alleged injury to plaintiffs is not immediate or irreparable, and plaintiffs have an adequate remedy at law.

**FIFTH AFFIRMATIVE DEFENSE**

64. The Court lacks personal jurisdiction over defendant.

**SIXTH AFFIRMATIVE DEFENSE**

65. Venue is not proper in this District.

### SEVENTH AFFIRMATIVE DEFENSE

66.     The Court lacks subject matter jurisdiction.

### EIGHTH AFFIRMATIVE DEFENSE

67.     Plaintiff's claims are barred, in whole or in part, by the doctrines of merger and/or scenes a faire.

### NINTH AFFIRMATIVE DEFENSE

68.     Plaintiffs' state law claims are preempted to the extent that they are equivalent to claims under the Copyright Act.

### JURY DEMAND

Defendant hereby demands trial by jury.

**WHEREFORE**, defendant demands judgment dismissing the complaint in its entirety, together with such other and further relief as the Court deems just and proper, including costs and attorneys' fees.

Dated: New York, New York
       July 24, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By:     /s/ Andrew L. Margulis
        Andrew L. Margulis (AM 9234)
Attorneys for Defendant
17 State Street, Suite 2400
New York, New York 10004
(212) 668-5927

8

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that the foregoing document was served on all counsel of record on July 24, 2008 by filing the document on the Court's Electronic Filing System and that service was made electronically through such system.

Dated: New York, New York
July 24, 2008

    /s/ Andrew L. Margulis
ANDREW L. MARGULIS