UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
======================================X
DAN-DEE INTERNATIONAL LIMITED and : 08 CIV 4715 (NRB)
LEE CAPOZZI, :
 :
          Plaintiffs, :
  v. :
 :
PBC INTERNATIONAL, INC., :
 :
          Defendant. :
======================================X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PBC INTERNATIONAL, INC.'S MOTION TO TRANSFER VENUE**

ROPERS, MAJESKI, KOHN & BENTLEY
17 State Street, Suite 2400
New York, New York 10004
(212) 668-5927

**PRELIMINARY STATEMENT**

Defendant PBC International, Inc. ("PBC"), submits this memorandum of law in support of its motion to transfer venue pursuant to 28 U.S.C. § 1404(a).

This is an action for copyright infringement, in which Dan-Dee International Limited ("Dan-Dee") and Lee Capozzi ("Capozzi") (collectively, "Plaintiffs") claim, among other things, that PBC's sales of a plush toy infringe Plaintiffs' copyright on its own plush toy.  PBC obtained the allegedly infringing product from a leading manufacturer in China, who represented to PBC that the product was original and was owned by the manufacturer. PBC acquired the rights in the accused product and registered claims to copyright in the United States on March 26, 2007, more than one year prior to the date on which plaintiffs registered the claims to copyright on which this action is based.  Prior to being served with the Complaint, PBC had neither seen nor had any knowledge of the product on which plaintiffs' claims are based.

While Dan Dee is a Delaware corporation with a principal place of business in New Jersey, and Capozzi is a resident of New Jersey, Plaintiffs chose to file suit against PBC, a California corporation, in New York federal court – a forum with absolutely no contacts or nexus to any of the parties or witnesses, or to the facts giving rise to this action.  Accordingly, PBC seeks an Order transferring this action to the Central District of California.

**STATEMENT OF FACTS**

On May 20, 2008, Plaintiffs filed suit against PBC claiming copyright infringement and seeking damages in an amount to be determined at trial.  Specifically, Plaintiffs allege that Dan-Dee manufactures and sells numerous children's toys, including a "plush toy" referred to as the "Dog With Cell Phone."  This Dog With Cell Phone, which comes in two "variations," "sings" and plays music when different parts of its body are touched.  Complaint ¶¶ 9-14.   Dan-Dee

claims that it is the owner of the copyright for both variations and has sold the toy since November 2005.  Complaint ¶¶ 16-17 .

Dan-Dee claims that one of its representatives saw "substantially identical copies of the Dog With Cell Phone" at one or more retail stores that do not carry Dan-Dee's products.  Complaint ¶ 18.  Plaintiffs allege that these "copies" play the same songs and make the same noises as the Dog With Cell Phone.  Complaint ¶ 19.  Plaintiffs allege that PBC copied the Dog With Cell Phone and began manufacturing the same product as early as "Christmas 2007."  Complaint ¶ 23.  Plaintiffs allege that PBC's product infringes on Dan-Dee's copyrights with respect to the Dog With Cell Phone and Dan-Dee's sound recordings.

Plaintiff Dan-Dee is a New Jersey corporation with a principal place of business in New Jersey.  (Complaint ¶ 1.)  Plaintiff Capozzi, an employee of Dan-Dee, is a New Jersey resident.  (Complaint ¶ 2.)

PBC is a California corporation with its only place of business located in Oxnard, California. (Neff Aff. ¶ 2.)  PBC has only thirty (30) total employees (Neff Aff. ¶ 8), and has no employees or agents in New York, and has no offices, bank accounts, facilities, telephone numbers or inventory storage sites in New York.  PBC is not licensed to do business in New York and pays no New York State income taxes.  (Neff Aff. ¶ 2.)

## ARGUMENT

A court may transfer a civil action to any other district where the case might have been brought if the transfer serves "the convenience of parties and witnesses, [and is] in the interest of justice." 28 U.S.C. § 1404(a).  *See Van Dusen v. Barrack*, 376 U.S. 612 (1964).  The purpose of section 1404(a) is "to prevent waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Trehern v. OMI*

2

*Corp.*, 1999 U.S. Dist. LEXIS 919 (S.D.N.Y. Feb. 1, 1999), quoting *Wilshire Credit Corp. v. Barrett Capital Mgmt. Corp.*, 976 F. Supp. 174, 180 (W.D.N.Y. 1997).

"The threshold question in deciding transfer of venue . . . is whether the action could have been brought in the transferee forum." *Millennium, L.P. v. Hyland Software, Inc.*, 2003 U.S. Dist. LEXIS 22239 at *5 (S.D.N.Y. Dec. 8, 2003). If this requirement is satisfied, the court should transfer the action if the following factors favor transfer: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the location of relevant documents and the relative ease of access to sources of proof; (5) the availability of process to compel the presence of unwilling witnesses; (6) the forum's familiarity with the governing law; (7) the relative means of the parties; (8) the weight afforded to plaintiffs' choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances. *See AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 528 (S.D.N.Y. 2004); *Tralongo v. Shultz Foods, Inc.*, 2007 U.S. Dist. LEXIS 23215 at *5-6 (S.D.N.Y. March 14, 2007).

None of these factors is determinative, nor do they comprise an exclusive list. Rather, they serve as guideposts for analysis and should not be applied in a mechanical or formulaic manner. *See Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002).

    A.    **<u>This Action Could Have Been Brought In The Central District of California</u>**

Venue in a copyright infringement suit is governed by 28 U.S.C. § 1400(a), which provides that "civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights … may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400.

3

PBC, a corporation, is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c); *see VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1578-79 (Fed. Cir. 1990) (holding that § 1391 (c) applies to § 1400); *Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 194-95 (S.D.N.Y. 2000).

PBC is a California corporation, and has its only place of business within the Central District of California. PBC is thus subject to jurisdiction in the Central District of California, which means that PBC "resides" in that district and the action could have been brought in that district.

### B.  The Relevant Factors Favor Transfer to California

Not only would venue have been proper in California, but the relevant factors weigh heavily in favor of transferring this action to the Central District of California.

#### (1)  The Convenience of Party and Non-Party Witnesses

The convenience of both the party and non-party witnesses is "often considered the single most important factor in the analysis of whether a transfer should be granted under Section 1404(a)." *Tralongo*, 2007 U.S. Dist. LEXIS at *6-7; *see also AEC One Stop*, 326 F. Supp. At 529; *Garrel v. NYLCare Health Plans, Inc.*, 1999 U.S. Dist. LEXIS 9778 (S.D.N.Y. June 29, 1999).

PBC is a California corporation having its only place of business in Oxnard, California, which is within the Central District of California. (Neff Aff. ¶ 2.) PBC has no offices, employees, or agents in the State of New York; it does not have a telephone number, assets, bank accounts or real property within the State of New York; and is not licensed to do business in the State of New York. (Neff Aff. ¶ 2.)

4

PBC has only thirty (30) employees. (Neff Aff. ¶ 8.) Lionel Neff is the President and Chief Executive Officer of PBC, and is the sole individual responsible for supervising selection of products and the manufacturing of those products. (Neff Aff. ¶ 8.) Mr. Neff is also responsible for overseeing all sales and promotional efforts. (Neff Aff. ¶ 8.) Any absence of Nr. Neff from PBC's offices as a result of this litigation proceeding in New York would be extremely inconvenient for PBC and would negatively impact its business operations.

In addition to Mr. Neff, PBC has identified ten (10) witnesses whose testimony will be crucial in PBC's defense of this action. (Neff Aff. ¶ 9.) Of these ten witnesses, nine (9) are in California and one is in Minnesota. (Neff Aff. ¶ 9.) All of these witnesses were part of the product development team that oversaw the entire project consisting of the allegedly infringing toy that is the subject of this action. (Neff Aff. ¶¶ 9-10.) These witnesses, who are further identified in the accompanying affidavit of Lionel Neff, are:

- Lionel Neff, President and CEO of PBC, responsible for all aspects of the project, located in Oxnard, California;

- Sheri DeLeo, Chief Financial Officer of PBC, located in Oxnard, California;

- Martha Banuelos, Head Buyer and Coordinator of PBC, located in Oxnard, California;

- Cynthia Norton, licensing coordinator for PBC, located in Oxnard, California;

- Collina Meyer, Art Director of PBC, located in Oxnard, California;

- Linda Senn, Assistant Art Director of PBC, located in Oxnard, California;

- Steve Markham, Sales Manager of PBC, located in Oxnard, California;

- Joe Anderson, Sales Manager of PBC, located in Oxnard, California;

- Craig Burns, formerly a sales manager of PBC, no longer employed by PBC but located in Newbury Park, California;

- Fausto Esqueda, Shipping and Domestic Production Manager of PBC, Manager of PBC, located in Oxnard, California;

- Reed Olson, International Director, located in Minneapolis, Minnesota.

Neff Aff. ¶ 9.

These witnesses, all of whom were involved with the product that is the subject of this action, will be called upon by PBC to testify at trial to defeat plaintiffs' claims against PBC, and the convenience of these witnesses mandates transfer of the action to California.

Other witnesses that have relevant information are located in China, as PBC acquired its rights in the product in issue from a company located in China. (Neff Aff. ¶ 4-5.) These witnesses will be equally inconvenienced by a trial in either New York or California. The vast majority of the witnesses, however, are located within the Central District of California.

Plaintiffs cannot identify any witnesses that have information relevant to the allegations that PBC infringed plaintiffs' copyrights that are located in this District.

For these reasons, the convenience of the parties and witnesses strongly favors transfer of this action to California.

    (2)    <u>Locus of Operative Facts</u>

The location of the operative facts is a "primary factor" in a transfer motion. *See WellQuest Int'l, Inc. v. Genesis Intermedia.com, Inc.,* 2001 U.S. Dist. LEXIS 16757 (S.D.N.Y. Oct. 18, 2001) (quoting *ZPC 2000, Inc. v. The SCA Group, Inc.*, 86 F. Supp. 2d 274, 279 (S.D.N.Y. 2000)). Courts routinely transfer cases to the district where the principal events occurred. *See Tralongo*, 2007 U.S. Dist. LEXIS at 8-9; *Totonelly v. Cardiology Associates of Corpus Christi, Inc.*, 932 F. Supp. 621, 623 (S.D.N.Y. 1996).

The operative facts in infringement cases generally relate to the design, development and production of an allegedly infringing product. *See MasterCard Int'l Inc. v. Lexcel Solutions, Inc.*, 2004 U.S. Dist. LEXIS 10906 at *18 (S.D.N.Y. June 16, 2004); *AEC One Stop*, 326 F. Supp. at 530.

In the instant case, the coordination of the assignment of design, copyrights and licensing for the allegedly infringing product took place in California at PBC's office. (Neff Aff. ¶ 7.) In addition, the creation of sales materials, sale of the product to distributors and retailers and the shipping and filling of orders for the product were all handled at PBC's office in California. (Neff Aff. ¶ 7.) This factor also weighs in favor of transfer.

(3)     Location of Documents and Relative Ease Of Access To Sources Of Proof

It is well recognized that "in infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *AEC One Stop*, 326 F. Supp. at 530; *see Boreal Laser, Inc. v. Coherent, Inc.*, 1992 U.S. Dist. LEXIS 276 at *5 (S.D.N.Y. Jan. 13, 1992).

In *AEC One Stop*, the court noted that plaintiff's documents were in Florida, while the defendant's documents were in California. The court thus held that this factor favored transfer from New York to California.

Here, all of PBC's documents concerning their obtaining of the assignment of design, copyright and licensing, as well as the production, marketing and sale of the allegedly infringing product are located in California. Plaintiff Dan-Dee, a New Jersey company, presumably has no documents located in New York. This favor thus also strongly favors transfer to California.

(4)     Witnesses Within The Subpoena Power of this Court

Most of the relevant witnesses are employed by PBC. As previously discussed, one former PBC employee that was involved in the sales of the product in issue is located in

California. (Neff Aff. ¶ 9.) The remainder of the witnesses are also located in California, so to the extent a subpoena was necessary, they would not be within the subpoena power of this Court. Plaintiffs cannot identify a single witness as to the relevant issues that is within the subpoena power of this Court, and this factor thus also strongly favors transfer.

(5)     Familiarity with Law

This factor is generally given little weight in federal courts. *See Houlihan Lokey Howard & Zukin Capital, Inc. v. Protective Group, Inc.*, 2005 U.S. Dist. LEXIS 32841, 15-16 (S.D.N.Y. 2005); *Astor Holdings, Inc. v. Roski*, 2002 U.S. Dist. LEXIS 758 (S.D.N.Y. 2002). Both this Court and a California federal court are eminently qualified to apply federal copyright law, and this factor is neutral.

(6)     Relative Means of the Parties

In a motion to transfer venue, where disparity exists between the parties, the relative means of the parties may be considered. *Bassali v. Johnson Controls, Inc.*, 2007 U.S. Dist. LEXIS 95143, 13 (S.D.N.Y. 2007). When both parties are corporations, this factor is given little weight. *Arrow Electronics Inc. v. Ducommun Inc.*, 74 F. Supp. 264, 266 (S.D.N.Y. 1989). Since Dan-Dee and PBC are both corporations, this factor is neutral.[1]

(7)     The Plaintiff's Choice of Forum

Neither plaintiff resides in or has any connection to New York, except for the fact that their attorneys are located here. However, the fact that a plaintiff might prefer New York counsel to prospective counsel in other states is "inconsequential" in ruling on a motion to transfer venue. *See Eisenberg v. Wachovia Bank, N.A.*, 2001 U.S. Dist. LEXIS 91 (S.D.N.Y. 2001) (Buchwald, J.) (mere inconvenience to counsel is not an appropriate factor to consider on

---

[1]    While Capozzi is a named plaintiff, Dan-Dee alleges that it is the owner of the copyright of Capozzi's sound recordings. Complaint ¶ 32. In any event, it is more than likely that Dan-Dee is paying all costs of this action rather than Mr. Capozzi personally, so the means of Mr. Capozzi are not relevant.

8

a motion to transfer venue.)

As this Court has held, "the plaintiff's choice of forum, while customarily a very significant factor in a 1404(a) analysis, is not entitled to the weight it is generally accorded when the forum chosen has no material connection with the action." *Tralongo*, 2007 U.S. Dist. LEXIS at 11. Moreover, it is generally held that plaintiff's choice of forum is entitled to considerably less weight where, as here, Plaintiffs have filed suit outside their home forum and where there are no significant contacts within the chosen District. *See, e.g., Eisenberg*, 2001 U.S. Dist. LEXIS 91 ("where, as here, a plaintiff is a foreigner and the forum is simply his preferred venue, the weight accorded his choice of forum is generally diminished."); *Pesin v. Goldman, Sachs & Co.*, 397 F. Supp. 392, 394 (S.D.N.Y. 1975).

Plaintiffs are a New Jersey corporation and a New Jersey resident, and have chosen to file suit outside their home forum, in a district that has no connection whatsoever to the facts giving rise to this action. Plaintiffs' choice of this District should thus be given no deference whatsoever.

   (8) <u>Interests of Justice</u>

The "interest of justice" factor" relates primarily to issues of judicial economy. *See Colida v. Panasonic Corp. of N. Am.*, 2005 U.S. Dist. LEXIS 27785 (S.D.N.Y. 2005) (internal quotations and citation omitted). While neither court would be overburdened by this litigation, the interests of justice favor transfer based on the factors previously discussed. *See AEC One Stop*, 326 F. Supp. at 531.

**CONCLUSION**

Based on the foregoing, PBC respectfully requests that its motion to transfer be granted and that the Court transfer this action to the Central District of California, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 26, 2008

>                                    Respectfully submitted,
>
>                                    ROPERS, MAJESKI, KOHN & BENTLEY
>
>
>                                    By:  /s/ Andrew L. Margulis
>                                         Andrew L. Margulis (AM 9234)
>                                         Eric C. Weissman (EW 7172)
>                                    Attorneys for Defendant
>                                    17 State Street, Suite 2400
>                                    New York, New York 10004
>                                    (212) 668-5927

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that the foregoing document was served on all counsel of record on August 26, 2008 by filing the document on the Court's Electronic Filing System and that service was made electronically through such system.

Dated: New York, New York
       August 26, 2008

                                                            /s/ Andrew L. Margulis
                                                          ANDREW L. MARGULIS